UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., | CASE NO. C25-1292-KKE |
| Plaintiff(s), | ORDER ON MOTION FOR DEFAULT JUDGMENT |
| v. | |
| TRAXX EQUIPMENT CO., LLC, | |
| Defendant(s). | |

Plaintiff Northwest Administrators, Inc. ("NWA") is the authorized administrative agency for and the assignee of the Western Conference of Teamsters Pension Trust Fund ("Trust"). Dkt. No. 1 at 1. The Trust provides pension benefits to eligible participants, including Defendant Traxx Equipment Co., LLC ("Traxx"), that agree to contribute to the Trust in accordance with their collective bargaining agreements. NWA filed this lawsuit alleging that Traxx failed to pay required contributions to the Trust under a collective bargaining agreement with Local 174 of the International Brotherhood of Teamsters ("Local 174"). *Id*. at 2. NWA seeks judgment for delinquent contributions, liquidated damages, all accrued interest, attorney's fees, and costs. *Id*. at 3–4.

Traxx failed to appear or otherwise respond to NWA's complaint, and the Court entered an order of default against Traxx. Dkt. No. 7. NWA has now filed a motion for entry of default judgment (Dkt. No. 12), which the Court will grant for the following reasons.

ORDER ON MOTION FOR DEFAULT JUDGMENT - 1

## I.   ANALYSIS

### A.   Jurisdiction

Before entering default judgment, the Court must confirm that it has both subject matter and personal jurisdiction.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

This Court has subject matter jurisdiction under the Employee Retirement Income Security Act and the Taft-Hartley Act.  Dkt. No. 1 at 2.

The Court has personal jurisdiction over Traxx, whose registered agent was properly served with this complaint.  Dkt. No. 6-1.

### B.   Legal Standard

A court's decision to enter a default judgment is discretionary.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Default judgment is "ordinarily disfavored[,]" because courts prefer to decide "[c]ases on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment).  At the default judgment stage, the court takes "the well-pleaded factual allegations" in the complaint "as true[,]" but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). When considering whether to exercise discretion in entering a default judgment, courts may consider various factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

ORDER ON MOTION FOR DEFAULT JUDGMENT - 2

This district also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." Local Rules W.D. Wash. LCR 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**C.     NWA Is Entitled to Default Judgment.**

The Court applies the *Eitel* factors to this case and finds that they favor a default judgment on NWA's claim.

### 1.     *Possibility of Prejudice to NWA*

For the first *Eitel* factor, the Court analyzes the possibility of prejudice to NWA. Prejudice exists when "the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation modified).

In this case, Traxx has failed to respond to or otherwise defend against the complaint. Without a default judgment, NWA would have no recourse. Therefore, the Court finds the first *Eitel* factor favors a default judgment.

### 2.     *Sufficiency and Merits of NWA's Complaint*

The Court analyzes the second and third *Eitel* factors—the merits of NWA's substantive claim and the sufficiency of the complaint—together. *See, e.g.*, *Curtis*, 33 F. Supp. 3d at 1211. For the following reasons, the Court finds that NWA has alleged facts in its complaint showing that Traxx is liable on the claim asserted for delinquent contributions.

NWA's complaint alleges that Traxx agreed to a collective bargaining agreement with Local 174 and agreed to the Trust Agreements, in which Traxx agreed to pay certain amounts to the Trust and certain liquidated damages and interest upon any delinquent payments, as well as attorney's fees and costs expended in connection with Traxx's unpaid obligations. Dkt. No. 1 at 2–3. NWA has provided a copy of the applicable Trust Agreements, along with evidence that

Traxx was delinquent on various contributions to the Trust.  Dkt. No. 13 ¶¶ 6–7, 18; Dkt. No. 13-1.  NWA has stated, and supported, its claim for judgment against Traxx.  The Court thus finds the second and third *Eitel* factors favor a default judgment for NWA on its claim.

3.    *The Sum of Money at Stake*

For the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct.  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).  The Court also assesses whether the amount of monetary damage requested is proportional to the harm caused by the defendant.  *See Curtis*, 33 F. Supp. 3d at 1212.

In this case, NWA seeks to recover delinquent contributions in the amount of $5,893.98, liquidated damages in the amount of $1,178.80 plus $423.49 in interest, attorney's fees in the amount of $1,053.00, and a cost award of $500.000.  Dkt. No. 21 at 15 (citing Dkt. No. 13-1 at 155).  These amounts are directly proportional to the harm and seriousness of Traxx's failure to timely contribute to the Trust.  This factor weighs in favor of default judgment.

4.    *Possibility of Dispute over Material Facts*

For the fifth *Eitel* factor, the Court considers the possibility of a dispute concerning material facts.  *Eitel*, 782 F.2d at 1471–72.  Upon default, a plaintiff's factual allegations of the complaint will be taken as true.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  Because Traxx failed to appear or otherwise respond, it has failed to rebut NWA's allegations or evidence provided to support its claim.  Therefore, given that no dispute of material facts is apparent, the Court finds that the fifth *Eitel* factor favors entry of a default judgment.

5.    *Possibility of Excusable Neglect*

For the sixth *Eitel* factor, the Court assesses whether the defendant's default was due to excusable neglect.  Here, because Traxx received notice of this action and yet made no apparent effort to respond to the complaint or otherwise defend, the Court finds that the sixth *Eitel* factor

ORDER ON MOTION FOR DEFAULT JUDGMENT - 4

favors entry of a default judgment. *See Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010).

> 6.    *Policy in Favor of Decision on the Merits*

For the seventh *Eitel* factor, the Court addresses the strong policy preference in favor of resolution of claims on their merits. *See Eitel*, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). However, a defendant's "failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177.

Thus, although the Court's preference for resolving issues on their merits weighs against entry of a default judgment, this factor is outweighed by the other *Eitel* factors, as summarized here. Accordingly, the Court finds that NWA's motion for default judgment should be granted.

**D.    NWA Provides Sufficient Evidence to Support the Relief Requested.**

Once a court determines default judgment is proper, it then ensures "the amount of damages is reasonable and demonstrated by the evidence." *Curtis*, 33 F. Supp. 3d at 1211. A plaintiff must provide "a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought." LCR 55(b)(2)(A).

Here, NWA provides evidentiary support for its claim for delinquent contributions in the amount of $5,893.98 (Dkt. No. 13-1 at 147–55), liquidated damages in the amount of $1,178.80 (*id.*), plus $423.49 in interest (Dkt. No. 12-1 at 5–6, Dkt. No. 13-1 at 155). The Trust Agreements provide that NWA is entitled to recover these amounts. *See* Dkt. No. 13-1 at 21, 67.

NWA has also sufficiently supported its request for an award of attorney's fees in the amount of $1,053.00, and a cost award of $500.000. Dkt. No. 12-1 at 8. Both the hours expended

(as documented in the declaration submitted along with the motion for default judgment) and the hourly rates charged by the professionals managing this case are reasonable and in line with awards in similar cases. *See* Dkt. No. 12-1 at 8, 10. Therefore, a fee award of $1,053.00 is appropriate. *See, e.g.*, *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (explaining that a court determines a reasonable fee award by first calculating the lodestar, which represents the product of a reasonable number of hours expended and a reasonable hourly rate). The Trust Agreements provide that NWA is entitled to recover these amounts. *See* Dkt. No. 13-1 at 21, 67.

## II.   CONCLUSION

For these reasons, the Court GRANTS Plaintiff's motion for default judgment. Dkt. No. 12.

Dated this 26th day of January, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON MOTION FOR DEFAULT JUDGMENT - 6